## LAMON D. H. RUSSELL et al., Appellants, v. EUGENE WOERNER et al., Respondents.

**Kansas City Court of Appeals, May 25, 1908.**

1. **TAXES: Tax Deed: Kansas City Charter: Action: Dismissal.** To maintain an action under the Kansas City charter for taxes the purchaser at the tax sale must have had a deed substantially in accordance with the charter provisions and must have been "defeated in a suit or proceeding for the recovery of the property," and unless these prerequisites concur he cannot maintain a personal action against the owner; and a dismissal of an ejectment suit is insufficient.

2. ———: ———: ———: ———: Parties.    And in such "suit or proceeding" the owner of the property is a necessary party; otherwise there is no "defeat" and no "successful claimant."

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

AFFIRMED.

*L. A. Laughlin* for appellants.

(1)    Can plaintiffs maintain a separate suit for the enforcement of a lien for taxes?    Kansas City Charter, sec. 59, art. 5; White v. Shell, 84 Mo. 573; Bingham v. Birmingham, 13 S. W. 208; Pitkin v. Riebel, 104 Mo. 510; Taft v. McCullock, 135 Mo. 594; Arn v. Hoppin, 25 Kan. 494; Russell v. Hudson, 28 Kan. 99; Jones v. Foley, 121 Ind. 180; Weimer v. Porter, 42 Mich. 569; Burke v. Brown, 148 Mo. 309; Milner v. Shipley, 94 Mo. 106; Graves v. Ewart, 99 Mo. 13; Blevins v. Smith, 104 Mo. 583, 591; Powell v. Greenstreet, 95 Mo. 13; Evans v. Robberson, 92 Mo. 192; Bank v. Grewe, 84 Mo. 477; Hilton v. Smith, 134 Mo. 499, 507.

*Gage, Ladd & Small* for respondents.

(1)    But for many reasons the judgment below was correct.    Humphrey v. Yost, 62 Pac. 550, and cases cited; Corbin v. Brownson, 28 Kan. 533; Zimmerman v. Railroad, 156 Mo. 565; Smith v. Cooperage Co. 100 Mo. App. 163.

ELLISON, J.—This action is to recover the amount of certain taxes with interest and penalties alleged to have been due to Kansas City, Missouri.    The judgment in the trial court was for the defendants and plaintiffs took an appeal to the Supreme Court, on the ground of the case involving a construction of the revenue law. That court thought otherwise and transferred the case to this court.

It appears that the defendant Knickerbocker Trust Company was the owner of certain real property in Kansas City upon which there had been levied certain city taxes. That these taxes were unpaid and the property sold at a delinquent tax sale, when one C. A. Wills became the purchaser and a certificate of purchase was issued to him. That afterwards Wills duly assigned the certificate to these plaintiffs; that afterwards a tax deed was executed to plaintiffs; that afterwards plaintiffs brought suit in ejectment against these defendants, except the Knickerbocker Trust Company, the owner, which company was not made a party. That plaintiffs dismissed the action as to the defendants Johnson, Cook and the Gossards, leaving it to stand against the Woerners alone. That the latter filed an answer and during the trial of the cause plaintiffs dismissed the case and judgment was rendered for defendants.

Section 59 of article 5 of the Kansas City charter provides that ". . . . If any person claiming title under a tax deed, executed substantially as provided for in the preceding section, shall be defeated in any suit or proceeding by or against him for the recovery of the real property conveyed or purporting to be conveyed by such tax deed, the successful claimant shall be adjudged to pay such person claiming under such tax deed the full amount of all money paid by the purchaser at the tax sale for such real property, and ten per cent of such amount immediately added as a penalty, with twenty-four per cent interest per annum on the whole amount thus made from the day of sale; and also the amount of all taxes, State, county or municipal general or special, paid by the purchaser, his heirs or assigns, after the date of the certificate of purchase, and a like penalty of ten per centum added as before on the amount of each of such payments, with twenty-four per cent interest per annum on the whole of such

amount or amounts so made from the day or days of payment, together with the costs of tax deed and fees for recording the same, and all costs in the case, which judgment shall be a lien upon the real property in controversy and shall bear interest at the rate of twenty-four per cent per annum, and may be enforced by execution as in other cases of judgments and decrees of such court." In Phelps v. Brumback, 107 Mo. App. 16, in the original submission and on rehearing, we gave a general construction to this clause of the charter. Among other things we decided that a purchaser at a tax sale, whose deed proved insufficient to convey good title, whereby he was defeated, could maintain an ordinary action for the collection of a debt against the owner of the property. But questions here involved were not passed upon in that case.

In order to maintain an action for the taxes the purchaser must have had a deed executed substantially in accordance with the provisions of section 58 of article 5 of the charter; and thus armed with such a deed, he must have been defeated in his suit to recover the property. In the present case the deed executed to plaintiffs does not appear in the record and we are not therefore advised whether it was the kind of deed with which a purchaser was authorized to enter upon a contest.

Again, the charter provides that the purchaser must have been *"defeated* in any suit or proceeding for the recovery of the property." A "suit or proceeding" and a "defeat" are prerequisites to the right of the purchaser to hold the owner in a personal judgment. The charter implies that the owner has resisted the purchaser in his suit and defeated him in his effort to get the property, and thereby has rendered himself personally liable for the taxes which the purchaser has paid. In Phelps v. Brumback, supra, l. c. 26, we said that "It seems clear that the intent of the charter is to say to

the delinquent owner, that if you choose to defeat the title of him who has paid your taxes after you failed in your duty to pay them, you must submit to a judgment against yourself for the amount he has paid with interest." In the case before us the record shows the plaintiffs to have voluntarily abandoned their action by dismissing it. That was not a "defeat" in the sense of the charter. The opposing party must have defeated him in the litigation.

The last remark brings up the question as to the necessity of making the owner a party in order that the party holding the tax deed may place himself in a situation to sue such owner. It has been already stated that in the action brought by plaintiffs to recover the land under the tax deed, the Knickerbocker Trust Company, the owner thereof, was not made a party. It will be observed that the charter reads that if the party claiming title under the tax deed shall be defeated "the successful claimant shall be adjudged to pay such person" the full amount of the taxes, etc. "The successful claimant" means the owner of the property (or at least him whose duty it was to pay the taxes); for it cannot be supposed that any one else would be made liable to a personal judgment which was to be a lien on the property. So therefore, it is our opinion that since the owner of the property was not a party to the action which plaintiffs brought for possession, there was no "defeat" such as the charter contemplated; nor was there a "successful claimant" against whom a personal judgment could be rendered.

The result of the foregoing consideration is to affirm the judgment. All concur.